IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-51-NJR-GCS |
| | ) |
| CITY OF BELLEVILLE, BELLEVILLE | ) |
| POLICE DEPARTMENT, ILLINOIS | ) |
| STATE POLICE DEPARTMENT, DAN | ) |
| COLLINS, TRACY NEWTON, LEO P. | ) |
| SCHMITZ, ST. CLAIR COUNTY | ) |
| SHERIFF, MIKE MARTIN, and | ) |
| J. EDWARDS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Shane Kitterman's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 5), Motion for Service of Process at Government Expense (Doc. 7), Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 14), Motion for Emergency Hearing (Doc. 20), and Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 21).[1]

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submitting an affidavit asserting the inability to pay the fees "or give security therefor" and stating "the nature of the action, defense or appeal" and the affiant's belief that he is entitled to redress." 28 U.S.C.

---

[1] Kitterman also filed a Motion for Substitution of Judge (Doc. 16), which he subsequently moved to withdraw (Doc. 19). The Motion to Withdraw is **GRANTED**; the Motion for Substitution of Judge is **WITHDRAWN**.

§ 1915(a)(1).

A case may be dismissed if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion for IFP requires the District Judge to review the allegations of the complaint.

In this case, the Court is satisfied from Kitterman's documentation that he is indigent. Nevertheless, the Court must review Kitterman's allegations to ensure his claims are not clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## The Complaint

On January 16, 2019, Kitterman filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging Defendants have violated and continue to violate his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the *Ex*

*Post Facto* clauses of both the United States Constitution and the Illinois Constitution (Doc. 2). Kitterman amended his complaint on January 28, 2019, to allege the following additional information (Doc. 13).

In July 1995, at the age of 17, Kitterman was arrested by the Belleville Police Department based on allegations that he committed an act of a sexual nature against another minor (*Id.* at ¶ 3). On January 10, 1996, Kitterman pleaded guilty to aggravated criminal sexual abuse (*Id.*, ¶ 6). He was sentenced to four years' probation, which was subsequently revoked a year later. *See Bova v. U.S. Bank, N.A.* at 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites).

As part of his guilty plea, the State of Illinois promised Kitterman would be required to register as a sex offender under the 1992 version of Illinois's Child Sex Offender Registration Act (CSORA), even though a revised version of the Sex Offender Registration Act (SORA), went into effect on January 1, 1996[2] (*Id.* at ¶¶ 6-7). Under CSORA, Kitterman would only be required to register as a sex offender for ten years, *i.e.*, until January 10, 2006 (*Id.* at ¶¶ 5, 9). Furthermore, under the terms of his plea agreement, the record would reflect a reduced charge and conviction of a Class 2 felony in violation of 720 ILCS 5/12-16(c)(1) (*Id.* at ¶ 9). In addition to the reduced charge and the 10-year registration requirement, the agreement specified that his information would be held in confidence, he would only have to register when he moved, and failure to comply with

---

[2] Kitterman asserts that because SORA's effective date was January 1, 1996, nine days before he signed his plea agreement in which he agreed to comply with the provisions of CSORA, the contract he signed (his plea agreement) was void *ab initio* and violated his Due Process rights as it was not knowing and voluntary and was induced by fraud and false representation (*Id.*)

CSORA would be a Class A misdemeanor (*Id.* at ¶ 11).

Despite the plea agreement, Kitterman alleges the State's Attorney's Office "intentionally, willfully, and maliciously, recorded that the Plaintiff was convicted of a Class X felony of violation 20 ILCS 5/12-14." Kitterman further asserts the State's Attorney's Office conspired with the Illinois State Police (ISP) to record that he was convicted of two sex offenses—both the Class 2 felony of Aggravated Criminal Sexual Abuse and the Class X felony of Aggravated Criminal Sexual Assault (*Id.* at ¶ 10). The ISP also began disseminating information about Kitterman on its website in 1999 and still does today (*Id.*). Kitterman claims this public information and his classification as a "Sexually Dangerous/Violent Person" is damaging his reputation and infringing on his liberties by substantially altering his registration duties (*Id.*). Kitterman has repeatedly contacted the ISP and the St. Clair County State's Attorney to seek relief, only to be met with fabricated SORA violations, malicious prosecutions, and unlawful convictions (*Id.*).

Kitterman claims the ISP, as the administrative agency responsible for implementing and enforcing SORA, has a duty to give offenders notice of their obligation to register and to ensure that offenders actually have a duty to register (*Id.* at ¶ 12). This duty also imposes a requirement to protect Kitterman from being subject to register because of fraudulent or fabricated information or arbitrary enforcement of the Registration Act, a duty Kitterman claims the ISP has breached (*Id.*).

Kitterman claims he has submitted more than 200 petitions for a hearing to challenge the enforcement of the Registration Act against him, but the ISP has refused to provide him with a hearing in violation of his due process rights. The ISP also has refused

to consider apparent errors in the sex offender registration process or its enforcement and/or to correct Kitterman's records to reflect the actual criminal offense of which he was convicted (*Id.* at ¶ 12). If provided a hearing, Kitterman claims he would present information and evidence that, after his lawful duty to register expired, the ISP changed his date of conviction and fabricated his conviction information to trigger certain registration duties that should not apply to him (*Id.*).

Ultimately, Kitterman claims his period of registration ended on January 10, 2006, but he has been erroneously extended numerous times, while he also has been deprived of any available remedy to challenge the government actions (*Id.* at ¶ 13). He further complains that his due process rights have been violated where Illinois has been enforcing requirements of SORA, when he agreed to be governed by CSORA (*Id.*). As a result, Kitterman was charged and convicted on four separate occasions of failure to register as a sex offender in violation of SORA even though his duty to register had expired (*Id.*). He was incarcerated until December 2018, when his conviction in Case No. 12-CF-1584 was reversed and vacated by the Illinois Court of Appeals. *Illinois v. Kitterman*, 2018 IL App (5th) 140415-U (Ill. App. Ct. 2018) (reversing Case No. 12-CF-1584). Since his release, however, Kitterman claims he has again been targeted by Defendants to comply with SORA; if he does not, he will be subject to arrest and imprisonment (*Id.* at ¶ 16).

Kitterman has sued the City of Belleville, claiming it has a policy, custom, or practice of unfettered enforcement of SORA, leading to multiple arrests of Kitterman without due process of law (*Id.* at ¶ 20). He also asserts the City changed the date he was

convicted of the triggering offense and the charge of which he was convicted, thereby altering his registration requirement from ten years to lifetime registration (*Id.*). He claims this policy or practice is furthered by Defendant Dan Collins, a detective with the Belleville Police Department whose duty it is to inspect Kitterman's file, correct any errors, and determine whether Kitterman has a duty to comply with SORA (*Id.* at ¶ 22). Kitterman claims Collins forced him to register as a sex offender after his lawful duty to register had expired or face immediate arrest and imprisonment. Collins is sued in his individual and official capacity.

Also named as a defendant is the Belleville Police Department, which Kitterman claims has a policy, custom, or practice of authorizing the continued violation of his rights and fabricating information contained in registration forms to conceal his rights under the Due Process Clause. This fabricated information then causes Kitterman's registration duty to be unlawfully extended.

Kitterman next names the Illinois State Police as a defendant, claiming its employees have engaged in the acts complained of above pursuant to the policies, practices, and customs of the ISP—namely, unlawfully manufacturing conviction and other information in its LEADS computer system and on its website, causing law enforcement agencies to force him to register after his duty to register has expired (*Id.* at ¶¶ 23, 29).

Tracie Newton, Supervisor of ISP Sex Offender Registration Unit, and Leo Schmitz, ISP Director, are named as defendants in their individual and official capacities; they allegedly worked in concert to unlawfully extend Kitterman's registration period

without providing Kitterman with a hearing to challenge these actions (*Id.* at ¶ 24). Kitterman also alleges Newton worked in concert with the Belleville Police Department to fabricate a registration form showing he was convicted in 1997 of a Class X felony, which would require lifetime registration duties (*Id.* at ¶ 25). He asserts Newton and the Belleville Police Department further conspired to enter information into the LEADS computer system showing he is a sexual predator and a sexually dangerous/violent person who is required to register every 90 days for the rest of his life. And Newton, Schmitz, and the ISP have intentionally extended his registration period and deprived him of any process to challenge that action before he is stripped of his liberty (*Id.* at ¶ 30).

Kitterman next names the St. Clair County Sheriff's Department and its employee Mike Martin as defendants, claiming that Martin, pursuant to a policy, practice, and custom of the Sheriff's Department, acted in concert with the ISP, Newton, Schmitz, City of Belleville, Collins, the Belleville Police Department, and J. Edwards to force Kitterman to register as a sex offender after his duty to register expired. Martin is sued in his individual and official capacity.

Defendant J. Edwards, also sued in her individual and official capacity, is employed with the Southwestern Illinois College Police Department at its Belleville, Illinois campus. Kitterman alleges he enrolled at SWIC for the 2019 fall semester, but Edwards approached him after she discovered his name on the ISP website as a person who is required to register. Kitterman claims Edwards forced him to register as a sex offender in violation of his due process rights.

Based on these facts, Kitterman brings four counts pursuant to 42 U.S.C. § 1983, as

well as a claim for injunctive relief. In Count I, Kitterman alleges Defendants retaliated against him in violation of the First Amendment to the United States Constitution for twice submitting complaints to the Belleville Police Department that identified Defendant Collins as unlawfully targeting him and forcing him to register. He claims Collins acted in furtherance of ISP, City of Belleville, and Belleville Police Department policy by hunting him down in the street and storming his residence in an effort to force him to register (*Id.* at ¶¶ 43-46).

In Count II, Kitterman claims Defendants violated his right to Due Process of Law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Illinois Constitution, by continuing to extend his registration period without a hearing despite his more than 200 requests (*Id.* at ¶¶ 54-74).

Count III alleges Defendants' unlawful enforcement of SORA is intended to subject Kitterman to registration duties after the lawful punishment period under CSORA expired and thereby constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Finally, in Count IV, Kitterman alleges Defendants violated the *Ex Post Facto* clause and laws impairing contracts under the United States and Illinois constitutions by attempting to enforce SORA against him when the law was not in effect at the time he entered into his plea agreement with the State of Illinois.

Kitterman also asserts a claim for injunctive relief to enjoin Defendants from engaging in the policies, practices, and conduct he complains of. He further seeks an order declaring Defendants' actions unconstitutional and directing Defendants to

immediately remove his name, photo, and other information from the ISP Website and LEADS computer system.

**<u>Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)</u>**

Kitterman has filed multiple other court actions based on these facts, but has failed for various reasons. Often, it was because he was a prisoner attempting to bring claims barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), though he also has tried to sue immune defendants or has had his case dismissed for failure to follow court orders. *See Kitterman v. Illinois State Police Dep't*, No. 18-CV-3092, 2018 WL 2124822 (C.D. Ill. May 8, 2018) (state defendants were immune and remaining claims barred by *Heck v. Humphrey*); *Kitterman v. Newton*, No. 17-cv-733, 2017 WL 6805697 (S.D. Ill. Oct. 25, 2017); (claims barred by *Heck v. Humphrey*), *aff'd* No. 17-3330, 2018 WL 2068956 (7th Cir. May 3, 2018); *Kitterman v. McGlynn*, No. 18-cv-157, 2018 WL 1729350 (S.D. Ill. Apr. 10, 2018) (claims barred by *Heck v. Humphrey*); *Kitterman v. Norton*, No. 18-cv-00190, 2018 WL 1240487 (S.D. Ill. Mar. 9, 2018) (plaintiff could not challenge terms of supervised release under Section 1983, claims barred by *Heck v. Humphrey*, and remaining claims were not ripe); *Kitterman v. Director*, No. 16-cv-00014, 2016 WL 6582586 (S.D. Ill. Nov. 7, 2016) (dismissal for failure to comply with Rule 8); *Kitterman v. Baricevic*, No. 16-1099, 2016 WL 6432615 (S.D. Ill. Oct. 31, 2016) (finding judge and state's attorney immune).

But Kitterman is no longer incarcerated, and two of his state court convictions for failure to register as a sex offender have been reversed. *See Illinois v. Kitterman*, 2018 IL App (5th) 140415-U.[3] Accordingly, *Heck v. Humphrey* no longer serves as a basis for

---

[3] Kitterman has had four state court convictions for failure to register as a sex offender, in Case Nos. 12-CF-1204, 12-CF-1584, 14-CF-1422, and 15-CF-373. In December 2018, the Illinois trial court issued an order

dismissing his claims related to those two convictions. And the Court finds nothing clearly frivolous or malicious about his claims.

The Eleventh Amendment, however, still applies. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). State agencies are treated the same as states for purposes of the Eleventh Amendment, and the ISP is an agency of the State of Illinois. *See id.* at 699. Because the ISP has not waived that immunity, Kitterman's claims for damages against the ISP—as well as Tracy Newton and Leo Schmitz in their *official* capacity—are dismissed without prejudice. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907–08 (7th Cir. 1991) (official capacity suits for retrospective relief, i.e., money damages, generally implicate the Eleventh Amendment). Kitterman's claims for injunctive relief are not barred by the Eleventh Amendment, however, so he is permitted to proceed against the ISP, Newton, and Schmitz in their official capacity on those claims. *See Kroll*, 934 F.2d at 908. He also may proceed against Newton and Schmitz on his individual capacity claims against them.

The Belleville Police Department also is not an appropriate defendant in this case.

---

of habeas corpus, "reversed and vacated" those convictions, and ordered Kitterman's discharge from custody. *See Kitterman v. Dennison*, No. 18-CH-556 (Cir. Ct. St. Clair Cty., Dec. 18, 2018). The trial court later amended its order finding that Case Nos. 12-CF-1204 and 15-CF-373 were entered on guilty pleas and therefore were immune from challenge. *Kitterman v. Dennison*, No. 18-CH-556 (Cir. Ct. St. Clair Cty., Jan. 25, 2019). Kitterman has since appealed the denial of habeas relief related to Case Nos. 12-CF-1204 and 15-CF-373. He also has direct appeals and post-conviction petitions pending related to those two cases. *See Kitterman v. Dennison*, No. 18-3550, Doc. 16 (7th Cir.).

As a general rule, a municipal police department is not a proper party to an action under 42 U.S.C. § 1983 because it has no separate legal existence apart from the municipality that it serves. *See Briggs v. City of Cahokia*, No. CIV. 11-563-GPM, 2011 WL 5244932, at *1, n.2 (S.D. Ill. Nov. 2, 2011); *Harrison v. City of Chicago*, No. 05 C 2680, 2005 WL 3542576, at *2 (N.D. Ill. Dec. 22, 2005) (dismissing the Chicago Police Department as a defendant in a Section 1983 action because it has no separate legal existence apart from the City of Chicago and, therefore, is not a suable entity under the statute). Thus, the Belleville Police Department will be dismissed as a party to this action.

With regard to the City of Belleville and the St. Clair County Sheriff's Department, it is true that a local governmental body may not be held liable under Section 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Potochney v. Doe*, No. 02 C 1484, 2002 WL 31628214, at *3 (N.D. Ill. Nov. 21, 2002) (to establish Sheriff's Department's liability, *respondeat superior* cannot be the basis). However, a plaintiff may establish a municipality's liability by showing that he "(1) suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the [municipality]; which (3) was the proximate cause of his injury." *Ienco v. City of Chi.*, 286 F.3d 994, 997-98 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 690-91). A governmental body is liable only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," is the moving force behind the constitutional violation. *Brock v. City of Belleville*, No. 17-CV-218-JPG-SCW, 2018 WL 2320511, at *9 (S.D. Ill. May 22, 2018) (quoting *Monell*, 436

U.S. at 694).

Here, broadly construing the Amended Complaint, Kitterman alleges both the City of Belleville and the St. Clair County Sheriff's Department maintained a policy, practice and/or custom, implemented by Defendants Collins and Martin, of targeting him, fabricating information on his registration forms and in the LEADS system, and forcing him to register as a sex offender even though his registration term has expired. Accordingly, these claims pass muster. And, because two of his convictions for failure to register as a sex offender has been reversed, his claims related to those convictions are no longer *Heck* barred.

Finally, with regard to Defendant Edwards, it is not clear to the Court at this point that Kitterman's claims are clearly frivolous or malicious, fail to state a claim, or that any immunity applies. Thus, Kitterman may proceed on his claims against Edwards.

Because the Court has found that Kitterman is indigent and several of his claims may proceed in this action, the Court **GRANTS** Kitterman's motion to proceed *in forma pauperis* (Doc. 5). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Furthermore, because Kitterman is being granted leave to proceed *in forma pauperis*, the Court also **GRANTS** his motion for Service of Process at Government Expense (Doc. 7). The Court **DIRECTS** the Clerk of Court to prepare and issue summonses for the named Defendants and provide Kitterman with USM-285 forms. Kitterman shall then provide the United States Marshals Service with the summons, the

appropriately completed USM-285 forms, and sufficient copies of the Amended Complaint for service. Upon receipt of the USM-285 forms and copies of the Amended Complaint from Kitterman, the Clerk is **DIRECTED** to deliver service packets for each named Defendant, consisting of the summons, USM-285, and a copy of the Amended Complaint to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents from Kitterman, and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, amended complaint, and this order upon the Defendants in any manner consistent with Rule 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

At this time, the Court **DENIES** Kitterman's requests for a temporary restraining order (Docs. 8, 14, and 21), as well as his motion for emergency hearing (Doc. 20). A temporary restraining order is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). Such an order may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The Court is not convinced that the standard for a temporary restraining order is met here. Nevertheless, preliminary injunctive relief may still be available once Defendants are served and have an opportunity to respond.

## CONCLUSION

For these reasons, Plaintiff Shane Kitterman's Motion for Leave to Proceed *in forma pauperis* (Doc. 5) is **GRANTED**. Kitterman's Motion for Service of Process at the Government's Expense (Doc. 7) is also **GRANTED**.

Defendants Illinois State Police and the Belleville Police Department are **DISMISSED without prejudice**.

Kitterman's Motion to Withdraw (Doc. 19) is **GRANTED**, and his Motion for Substitution of Judges (Doc. 16) is **WITHDRAWN**.

To the extent Kitterman is requesting a temporary restraining order, those requests are **DENIED**, as is his motion for an emergency hearing (Doc. 20). However, his request for a preliminary injunction remains pending. Defendants are **ORDERED**, once served, to respond to Kitterman's latest-filed motion for preliminary injunction (Doc. 21). His previously filed motions are **DENIED without prejudice** (Docs. 8, 14).

**IT IS SO ORDERED.**

DATED: April 22, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**