UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BELLEVILLE, DAN COLLNS, TRACY NEWTON, BRANDON KELLY, ST. CLAIR COUNTY SHERIFF, MIKE MARTIN, and J. EDWARDS, <br><br> Defendants. | Case No. 3:19-CV-0051-GCS |

# MEMORANDUM AND ORDER

SISON, Magistrate Judge:

Plaintiff Shane A. Kitterman, proceeding *pro se*, brings an action under 42 U.S.C. § 1983 against seven defendants:[1] the City of Belleville, Detective Dan Collins of the Belleville Police Department, Supervisor of the Illinois State Police ("ISP") Department Sex Offender Registration Unit Tracie Newton,[2] ISP Director Brendan Kelly,[3] the St. Clair County Sheriff's Department and its employee Mike Martin, and J. Edwards of the Southwestern Illinois College Police Department. (Doc. 22). Kitterman alleges Defendants violated and continue to violate his rights under the First, Fifth, Eighth, and

---

[1]    Kitterman's original lawsuit named nine defendants. (Doc. 13, pg. 1).

[2]    On January 15, 2020, this Court noted that Kitterman had failed to serve Newton personally and dismissed the claims against her in her individual capacity. (Doc. 72). Thus, Newton is sued solely in her official capacity.

[3]    Kitterman's suit originally named former ISP director Leo Schmitz as a defendant. On June 24, 2019, the Court substituted Brendan Kelly, the current ISP director, as a defendant for Schmitz in his official capacity. (Doc. 35). On January 15, 2020, this Court noted that Kitterman had failed to serve Schmitz personally and terminated him as a party to this case. (Doc. 72).

Fourteenth Amendments to the United States Constitution, as well as the *Ex Post Facto* clause and laws impairing contracts under the United States and Illinois constitutions. (Doc. 13, p. 38, 41, 49, 51). Before the Court are Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons delineated below, the Court **GRANTS** Defendants' motions to dismiss under 12(b)(6).

FACTUAL ALLEGATIONS

On January 16, 2019, Kitterman filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 claiming that Defendants violated and continue to violate his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the *Ex Post Facto* clause and laws impairing contracts under the United States and Illinois constitutions. (Doc. 2). He amended his complaint on January 28, 2019, which alleges the following:

The Belleville Police Department arrested Kitterman on July 17, 1995, based on allegations that he committed a sexual act against a minor. (Doc. 13, ¶ 3). Kitterman later pleaded guilty to aggravated criminal sexual abuse, 720 ILL. COMP. STAT. ANN. § 5/11-1.60, a Class 2 felony, on January 10, 1996. (Doc. 13, ¶¶ 6, 9). *See also Court Records Search*, ST. CLAIR COUNTY CIRCUIT CLERK, http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.a spx (last visited February 7, 2020)(showing the date of Kitterman's conviction); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (noting that a court may judicially notice public records available on government websites).

As part of his plea deal, the State of Illinois agreed that Kitterman would be required to register as a sex offender under the 1992 version of Illinois's Child Sex Offender Registration Act ("CSORA"), despite the revised version of the Sex Offender Registration Act ("SORA") being in effect at the time of his guilty plea. (Doc. 13, ¶¶ 6, 7). CSORA required Kitterman to register for ten years, *i.e.,* until January 10, 2006. (Doc. 13, ¶ 5).

Kitterman alleges that, following his plea, the "Illinois State Police Department, by and through its agents, in concert with local law enforcement agents," (1) changed the date of conviction; (2) fabricated other conviction information; and (3) unlawfully enforced Illinois laws against him, all in an effort to extend his registration duty beyond its original timeframe. (Doc. 13, ¶ 12).

According to Kitterman, because the ISP is an administrative agency responsible for implementing and enforcing SORA it has a duty to ensure it has accurate information and prevent the arbitrary enforcement of SORA with fabricated information. (Doc. 13, ¶ 12). Kitterman claims the ISP breached these duties. (Doc. 13, ¶ 55). According to Kitterman, the ISP refuses to "consider apparent errors" in the sex offender registration process or its enforcement and declines to correct Kitterman's records. (Doc. 13, ¶ 12). Kitterman alleges that he has submitted over 230 petitions for a hearing with the ISP to challenge the enforcement of SORA against him, but the ISP has refused to provide him with a hearing. (Doc. 13, ¶¶ 12, 56). If the ISP provided him a hearing, Kitterman claims he would present evidence that the ISP changed the dates of his conviction and release

and fabricated other conviction information to trigger registration duties inapplicable to him. (Doc. 13, ¶ 12).

In summation, Kitterman claims that while his registration period ended on January 10, 2006, the Defendants unlawfully extended it numerous times, forced him to register after his actual registration period expired, and deprived him of any available remedy to challenge their actions. (Doc. 13, ¶¶ 13-15, 57-58). He further complains that Defendants continue to violate his due process rights by enforcing SORA's requirements against him when his plea agreement stated he would be governed under CSORA's requirements. (Doc. 13, ¶¶ 53-61). Kitterman notes that two of his state court convictions for failing to register as a sex offender were reversed. *See Illinois v. Kitterman*, 2018 IL App (5th) 140415-U.[4]

Kitterman has sued the City of Belleville ("City"), claiming it has a policy, custom, or practice of "unfettered enforcement of the Registration Act . . . leading to multiple arrests and convictions of [him] without due process of law." (Doc. 13, ¶ 20). He also claims the City changed his registration information, changed the date of his conviction, and changed the charge under which he was convicted. (Doc. 13, ¶ 20).

---

[4] Kitterman has had four state court convictions for failure to register as a sex offender, *i.e.*, Case Nos. 12-CF-1204, 12-CF-1584, 14-CF-1422, and 15-CF-373. In December 2018, the Illinois trial court issued an order of habeas corpus, "reversed and vacated" those convictions, and ordered Kitterman's discharge from custody. *See Kitterman v. Dennison*, No 18-CH-556 (Cir. Ct. St. Clair Cty., Dec. 18, 2018). The trial court later amended its order finding that Case Nos. 12-CF-1204 and 15-CF-373 were entered on guilty pleas and therefore were immune from challenge. *See Kitterman v. Denison*, No. 18-CH-556 (Cir. Ct. St. Clair Cty., Jan. 25, 2019). Kitterman has since appealed the denial of habeas relief related to Case Nos. 12-CF-1204 and 15-CF-373. He also has direct appeals and post-conviction petitions pending related to those two cases. *See Kitterman v. Dennison*, No. 18-3550, Doc. 16 (7th Cir.).

Kitterman named Dan Collins, a detective with the Belleville Police Department, as a defendant in both his individual and official capacity. (Doc. 13, ¶ 22). According to Kitterman, Collins has a duty to inspect Kitterman's file, correct any errors, and determine if Kitterman has a duty to register. (Doc. 13, ¶ 22). Kitterman claims that Collins knew or should have known that Kitterman had no duty to register, and that Collins forced him to register as a sex offender even though Kitterman's duty to register had expired. (Doc. 13, ¶ 22).

Tracie Newton, the supervisor of the ISP Sex Offender Registration Unit, is named as a defendant in her official capacity. (Doc 13, ¶ 24). Kitterman alleges that Newton acted with then-current ISP Director Leo Schmitz to fabricate information in order to extend Kitterman's registration period and refused to provide Kitterman a hearing to challenge her actions. (Doc 13, ¶ 24). Additionally, Kitterman claims that Newton worked in concert with the Belleville Police Department to both change Kitterman's conviction from a Class 2 felony to a Class X felony and add information into the Law Enforcement Agencies Data System ("LEADS") that Kitterman is a sexual predator and a sexually dangerous/violent person. (Doc. 13, ¶¶ 25-26). According to Kitterman, Newton and Schmitz have intentionally extended his registration period and deprived him of any process to challenge their actions. (Doc. 13, ¶ 30).

Next, Kitterman names the St. Clair county Sheriff's Department and its employee Mike Martin as defendants. (Doc. 13, ¶ 24(a)). Kitterman alleges that Martin, pursuant to a policy, practice, and custom of the Sheriff's Department, acted in concert with the

other defendants to force Kitterman to register as a sex offender after his duty to register expired. (Doc. 13, ¶ 24(a)).

Defendant J. Edwards, an employee of the Southwestern Illinois College ("SWIC") Police Department at its Belleville, Illinois campus, is sued in her individual and official capacity. (Doc. 13, ¶ 24 (b)). Kitterman alleges that he enrolled at SWIC for the 2019 fall semester. (Doc. 13, ¶ 24(b)). According to Kitterman, Edwards approached him after she discovered that the ISP website listed him as a person who was required to register, and as such, Edwards forced Kitterman to register as a sex offender in violation of his due process rights. (Doc. 13, 24(b)).

Based on the above facts, Kitterman brings four counts pursuant to 42 U.S.C. § 1983 as well as a claim for injunctive relief. In Count I, Kitterman claims Defendants violated the First Amendment of the United State Constitution by retaliating against him for submitting two complaints to the Belleville Police Department that stated Defendant Collins was unlawfully targeting him and forcing him to register. (Doc 13, ¶¶ 44-48). Kitterman asserts Collins, acting in furtherance of ISP, City of Belleville, and Belleville Police Department policy, hunted him down in the street and stormed his residence in an effort to force him to register after he had made his complaints. (Doc. 13, ¶¶ 44-48).

Count II alleges Defendants violated Kitterman's rights to Due Process of Law under the Fifth and Fourteenth Amendments to the United States Constitution by continuing to extend Kitterman's registration period and enforce SORA against him without a hearing despite his more than 230 requests for such a hearing. (Doc. 13, ¶¶ 54-74).

Count III alleges Defendants subjected Kitterman to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by unlawfully enforcing SORA against him after his duty to register expired. (Doc. 13, ¶¶ 75-80).

Count IV alleges Defendants violated the *Ex Post Facto* clause and laws impairing contracts under the United States Constitution by attempting to enforce SORA against Kitterman when the law was not in effect when he entered into a plea agreement with the State of Illinois. (Doc. 13, ¶¶ 81-83).

## **LEGAL STANDARDS**

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 (quoting Fed R. Civ. Proc. 8(a)(2)).

In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.*

However, "the tenet that a court must accept as true all of the allegations contained in a compliant is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Kitterman's central contention is that after 2006 he was no longer required to register as a sex offender under SORA. The accuracy of this contention is necessary to transform his complaint into "a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). In the past, Kitterman has filed numerous unsuccessful lawsuits asserting that he has no duty to register, but usually he failed because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See, e.g., Kitterman v. Illinois State Police Dept.*, No. 18-CV-3092, 2018 WL 2124822 (C.D. Ill. May 8, 2018)(holding that state defendants were immune and that remaining claims were *Heck*-barred); *Kitterman v. Newton*, No. 17-cv-733, 2017 WL 6805697 (S.D. Ill. Oct. 25, 2017) (holding that claims were *Heck*-barred), *aff'd* No. 17-3330, 2018 WL 2068956 (7th Cir. May 3, 2018); *Kitterman v. Norton*, No. 18-cv-00190, 2018 WL 1240487 (S.D. Ill., Mar. 9, 2018) (dismissing claims as *Heck*-barred). However, because Kitterman had two of his state court convictions for failure to register as a sex offender reversed, *see Illinois v. Kitterman*, 2018 IL App (5th) 140415-U, the claims related to those convictions are no longer precluded by *Heck v. Humphrey*.

The decisive issue in this case is a simple one: was Kitterman required to register as a sex offender under SORA when Illinois charged him with the two counts of failure

to register that were ultimately overturned on appeal, and is he still under an obligation to do so. Accepting all the allegations in Kitterman's complaint as true, the answer is yes.

I.      **Kitterman's Duty to Register Under SORA.**

Kitterman's conviction in 1996 for aggravated criminal sexual abuse originally required him to register for a period of ten years. *See* 730 ILL. COMP. STAT. ANN. § 150/2(B)(1) (1993)(listing aggravated criminal sexual abuse as a sex offense), § 150/3(a) (outlining requirements for registering), § 150/7 (stating that an individual "shall be required to register for a period of 10 years after conviction . . . ."). However, Kitterman could receive a lifetime registration requirement if the law's definition of a "sexual predator" changed in the future. This is precisely what occurred.

In 2012, Illinois amended SORA, changing the definition of "sexual predator" to include individuals "convicted of an offense set forth in . . . subsection (E) on or before July 1, 1999 . . . convicted of a felony offense after July 1, 2011, and paragraph (2.1) of subsection (c) of Section 3 . . . applies." 730 ILL. COMP. STAT. ANN. § 150/2(E)(7) (2012). Here, all the elements of the aforementioned statute are satisfied. First, aggravated criminal sexual abuse, Kitterman's offense from 1996, is listed in subsection E. *See* 730 ILL. COMP. STAT. ANN. § 150/2(E)(1). Second, Kitterman admits in his complaint that he was convicted of a felony offense after July 1, 2011. (Doc. 13, ¶ 38). St. Clair County public records show that Kitterman's felony conviction took place on July 19, 2011. *See Court Records Search*, ST. CLAIR COUNTY CIRCUIT CLERK, http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.a spx (last visited February 7, 2020). *See also Bova*, 446 F. Supp.

2d at 930 n.2 (noting that a court may judicially notice public records available on government websites).[5]

Furthermore, paragraph (2.1) of subsection (c) of Section 3 states that "[a] person who previously was required to register under this Act for a period of 10 years and successfully completed that registration period has a duty to register if . . . the offense for which the 10 year registration was served currently requires a registration period of more than ten years." 730 ILL. COMP. STAT. ANN. § 150/3(c)(2.1). Currently, SORA states that if an individual is convicted of aggravated criminal sexual abuse said individual is designated as a "sexual predator" and is required to register for life. *See* 730 ILL. COMP. STAT. ANN. § 150/2(E)(1), 150/7. Therefore, if Kitterman committed a felony offense after July 1, 2011, which he did, SORA mandates his designation as a "sexual predator" and requires him to register for life.

## II. Kitterman's Duty to Register at the Time of his Now-Overturned Charges.

Having determined that Kitterman became required to register for life following his July 19, 2011 felony conviction, the next issue is if Kitterman was required to register when Illinois indicted him on the now-overturned charges for failing to register as a sex offender. Illinois charged Kitterman on November 5th, 2012, *see Illinois v. Kitterman*, 2018

---

[5] In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994). *See also Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)(stating that a court may "take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies . . . . " and that a court may "consider [such] judicially noticed documents without converting a motion to dismiss into a motion for summary judgment.").

IL App (5th) 140415 at ¶ 6, after Kitterman's lifetime duty to register attached. While Kitterman alleges that Illinois offered no evidence about his duty to register during his criminal trial, *see id.* at ¶ 11, that fact is not relevant in this case because the information alleged in Kitterman's complaint is sufficient to show he was under a duty to register when charged.[6] The qualifying conviction which required Kitterman to register for life, occurred with his July 19, 2011 felony conviction. Thus, Kitterman's two overturned charges for failure to register as a sex offender are irrelevant to the analysis.

### III. Kitterman's Claims Related to the Current Enforcement of SORA Against Him.

Having settled that Kitterman is required to register as a sex offender for life and was required to register notwithstanding his now-overturned charges, the Court can rule on his remaining claims.

#### A. *Count I: First Amendment Retaliation.*

Kitterman claims that Defendants retaliated against him when Defendant Collins searched for him and forced him to register after he made two complaints to the Belleville Police Department. To establish a First Amendment retaliation claim, Kitterman must

---

[6] Kitterman's charge was for failing to register as a sex offender because he knowingly failed to give correct information regarding his address. *See People v. Kitterman*, 2018 IL App (5th) 140415-U at ¶ 6. At Kitterman's trial, the State only produced a certified copy of Kitterman's 1996 conviction for aggravated criminal abuse to prove he was a sex offender. *Id*. at ¶ 11. On appeal, Kitterman challenged the sufficiency of the evidence, "[s]pecifically, . . . that the State's evidence was insufficient to prove that he was still required to register on the date of the alleged offense, which he contend[ed] was an essential element of unlawful failure to register as sex offender." *Id.* at ¶ 17. The State countered that it was not required to prove that Kitterman was required to register under SORA. *Id*. The Illinois appellate court held that "in order to prove that [Kitterman] unlawfully failed to register as a sex offender for giving a false address, the State was required to present evidence that the defendant had a continuing duty to register on the date of the alleged offense." *Id.* at ¶ 24. Because the State did not provide such evidence, Kitterman's conviction was overturned. *Id.* at ¶ 26. Thus, the Illinois appellate court never considered whether Kitterman actually had a duty to register at the time of the offense.

show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)(citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008).

Kitterman's claim cannot survive the third prong of the retaliation analysis. Kitterman concludes that he was retaliated against solely because Defendant Collins searched for Kitterman in order to register him as a sex offender. However, Kitterman does not plead any facts to show Defendant Collins did so to, at least partially, retaliate against him for making complaints with the Belleville Police Department. Rather, Defendant Collins was legally obligated to register Kitterman. The Illinois State Police Department is required to maintain a sex offender database. *See* 730 ILL. COMP. STAT. § 152/115 (2007). Maintaining such a database requires "the agency having jurisdiction . . . [to] verify the address of sex offenders," and to "determine the potential whereabouts of any sexual predator . . . who fails to respond to address-verification attempts or who otherwise absconds from registration." 730 ILL. COMP. STAT. ANN. § 150/8-5(a),(c). Kitterman acknowledges in his complaint that Defendant Collins is required to "conduct[] the registration of sex offenders . . . ." (Doc. 13, ¶ 22). Thus, as a detective with the Belleville Police Department, Defendant Collins was legally required to ensure sex offenders were registered. Because he had a legal duty to register Kitterman as a sex offender, and Kitterman does not plead facts revealing Defendant Collins's motive, Kitterman cannot demonstrate that Defendants' "adverse action against [him] would not

have taken place absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Count I is dismissed.

### B. Count II: Due Process of Law.

Kitterman claims that Defendants violated his right to due process by extending his registration period and by refusing to provide him with a hearing to contest his registration requirement. The 14th Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. First, because the extension of Kitterman's registration period was required by SORA, 730 ILL. COMP. STAT. ANN. § 150/3(c)(2.1) (2012), he cannot claim that Defendants violated his due process rights. SORA supplanted Defendants' choice in the matter. Kitterman's lifetime registration arose from his, not Defendants', actions.

Second, this Court is not persuaded that Defendants' refusal to provide Kitterman with a hearing, regardless of how many requests he has made, constitutes a cognizable claim under the 14th Amendment. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)(quoting *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961)). The issue of whether administrative procedures satisfy the Constitution "requires analysis of the governmental and private interests that are affected." *Id.*

In the present case, Kitterman asserts the Constitution requires that he be provided with a hearing so he can challenge his status as a sex offender. However, Kitterman's criminal trials have already provided a hearing to satisfy due process standards. Kitterman triggered SORA's requirements with his prior criminal convictions and when

"the law's requirements turn on an offender's conviction alone – a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest" – a hearing is unnecessary. *Connecticut Dep't. of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003). Kitterman had a due process right to contest his charge for aggravated criminal sexual abuse, and continues to have a due process right to contest any future charges of failing to register as a sex offender. In fact, Kitterman was successfully able to reverse his conviction on two failure to register charges. Thus, Kitterman cannot allege a due process violation solely because Defendants refused to provide him with a hearing. Count II of Kitterman's complaint is dismissed.

### C. Count III: Cruel and Unusual Punishment.

Kitterman's claim under the Eighth Amendment's prohibition against cruel and unusual punishment is similar to his due process claim. Kitterman alleges that the extension of his registration period is cruel and unusual punishment. However, Kitterman's registration period was lawfully extended pursuant to his 2011 felony conviction. Furthermore, registering as a sex offender is nonpunitive. *See, e.g., Smith v. Doe*, 538 U.S. 84, 96, 105-106 (2003)(holding that Alaska's Sex Offender Registration Act did not constitute punishment). As such, Kitterman cannot allege that he is being subjected to cruel and unusual punishment. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 102 (1976)(noting that "the primary concern of the drafters [of the Eighth Amendment] was

to proscribe . . . methods of punishment."). Count III of Kitterman's complaint is dismissed.

### D.     Count IV: Ex Post Facto and Law Impairing Contracts.

Kitterman's claim under the *Ex Post Facto* clause of the United States Constitution fails for the same reason his claim under Count III fails. Both the U.S. Supreme Court and the Illinois Supreme Court have concluded that registering as a sex offender is nonpunitive. *See, e.g., Smith v. Doe*, 538 U.S. at 105-106 (holding that Alaska's Sex Offender Registration Act did not constitute punishment); *People v. Cardona*, 986 N.E.2d 66, 74 (Ill. 2013)(stating that "sex offender registration is not punishment.") (citation omitted). Thus, SORA's retroactive application is not a violation of the *Ex Post Facto* clause. *See, e.g., Weaver v. Graham*, 450 U.S. 24, 30 (stating that the *Ex Post Facto* clause "forbids the imposition of *punishment* more severe than the punishment assigned by law when the act to be punished occurred.") (emphasis added). Count IV is dismissed.

Kitterman's claim under the Contracts Clause of the United States Constitution must also fail. Essentially, he claims that Defendants' enforcement of SORA provisions against him constitutes a "law impairing the obligation of contracts." U.S. CONST. art. 1, sec. 9, cl. 1. However, "[t]he Contracts Clause restricts the power of *States* to disrupt contractual arrangements." *Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018). None of the defendants are states, nor can the defendants unilaterally enact state laws that could cause an impairment of a contract. Therefore, the Contracts Clause provides no remedy for Kitterman.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendants' motions to dismiss (Doc. 37, 40) and **DENIES as moot** the remaining pending motions (Doc. 43, 47). The Court **DISMISSES with prejudice** Kitterman's cause of action. Kitterman shall take nothing from this matter. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED**.

Dated: February 14, 2020.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.02.14 12:17:25 -06'00'

GILBERT C. SISON
United States Magistrate Judge