UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE KITTERMAN,                )
                                )
        Plaintiff,              )
                                )
vs.                             )   No.  3:19-cv-0051-GCS
                                )
CITY OF BELLEVILLE, et al.,     )
                                )
        Defendants.             )

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

Plaintiff Shane A. Kitterman, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against Defendants alleging Defendants violated and continue to violate his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the *Ex Post Facto* clause and laws impairing contracts under the United States and Illinois constitutions. On February 14, 2020, the Court dismissed with prejudice Kitterman's lawsuit finding that he failed to state any cause of action while also finding that he is under an obligation to register as a sex offender for life. (Doc. 79). Judgment reflecting the same was entered on February 20, 2020. (Doc. 80). On February 25, 2020, the undersigned entered a Memorandum and Order granting in part and

denying in part Kitterman's motion for copy and extension of time to file objections. (Doc 83). Also in that Order, the undersigned informed Kitterman at that stage in the litigation he had two options: (1) he can file an appeal with the Seventh Circuit Court of Appeals as to the Memorandum and Order dismissing his case; or (2) he can file a motion to alter or amend and ask the undersigned to reconsider the Order before appealing to the Seventh Circuit. Thereafter, Kitterman filed a motion to alter or amend on March 5, 2020. (Doc. 84). On May 7, 2020, the Court denied Kitterman's motion to alter or amend. (Doc. 92). Then on May 19, 2020, Kitterman filed objections to the Court's Memorandum and Order dismissing the case and denying his motion to alter/amend judgment. (Doc. 93). That same day, the Court overruled and denied Kitterman's objections. (Doc. 94). On May 26, 2020, Kitterman filed a notice of appeal. (Doc. 95).

Now before the Court is Kitterman's stay of order and preliminary injunction pending outcome of appeal. (Doc. 110). In this motion for stay and preliminary injunction, Kitterman again takes issue with the Court's decision to dismiss with prejudice his lawsuit and reasserts why he feels the Court's decision was incorrect. Defendants oppose the motion. (Doc. 117, 118). Based on the following, the Court **DENIES** Kitterman's motion.

Federal Appellate Rule 8(a) states that, "[a] party must ordinarily move first in the district court for . . . a stay of judgment or order of a district court pending appeal . . . ." FED. R. APP. PROC. 8(a)(1). As noted previously, Kitterman already filed his appeal with the Seventh Circuit. Nonetheless, "a notice of appeal does not deprive the district court

of jurisdiction over a motion for stay of its judgment." *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987). "Rule 62(d) of the Federal Rules of Civil Procedure reserves power in the district court to grant a stay of its judgment upon proper application." *Id.* Pursuant to Federal Rule 62(d), this Court "in its discretion," may grant the relief Kitterman requests to the extent the Court "considers proper for the security of the rights of [Kitterman]." FED. R. CIV. PROC. 62.

The standard for granting a stay pending appeal is nearly identical to the standard for granting a preliminary injunction. The purpose of a stay pending appeal is to minimize the costs of error and mitigate the damage that may be done before a legal issue is finally resolved. *See In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). But a stay is "not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In order to obtain preliminary injunctive relief, a plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

Here, the Court finds that Kitterman is not entitled to the relief he seeks. He has no likelihood of success on the merits, he has not established that he will suffer irreparable harm and he has an adequate remedy at law available to him in the form of an appeal in this matter (which is pending), as well as his ongoing criminal prosecution and criminal appellate rights. In rendering its decision granting Defendants' motions to

dismiss, the Court undertook an extensive analysis of Kitterman's duty to register. (Doc. 79, p. 8-11). Further, the undersigned noted that the 2012 amendments to SORA, as well as Kitterman's criminal history, required Kitterman to register for life. *Id*. at 9. As a result, because Kitterman has duty to register as a sex offender the Court found that he had failed to state a claim for First Amendment retaliation. In addition, the Court found that he had failed to state a claim that Defendants violated his right to due process because Kitterman's own criminal history caused his duty to register, and he had due process protection in any criminal proceeding related to his duty to register. *Id*. at 13-14. Next, the undersigned found that Kitterman could not establish a claim for cruel and unusual punishment because registering as a sex offender is nonpunitive. *Id*. at 14. Finally, the Court found that, based on U.S. Supreme Court and Illinois Supreme Court precedent, SORA's retroactive application is not a violation of the Ex Post Facto clause. *Id*. at 15.

Further, the Court finds that Kitterman will not suffer irreparable harm as he fails to establish any evidence or facts to support this assertion. Kitterman again simply asserts that he will suffer continued violation of his constitutional rights. However, the undersigned previously determined that Kitterman's constitutional rights have not been violated. As a result, Kitterman failed to establish that he will suffer irreparable harm. SORA's registration requirements are nonpunitive and Kitterman has a clear duty to register for life.

Accordingly, the Court **DENIES** Kitterman's motion for stay of order and preliminary injunction pending outcome of appeal (Doc. 110).

**IT IS SO ORDERED.**

**Date:  June 18, 2020.**

Digitally signed by Judge Sison
Date: 2020.06.18 11:13:21 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**