UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE KITTERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00051-GCS |
| | ) |
| CITY OF BELLEVILLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Shane A. Kitterman, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against Defendants alleging Defendants violated and continue to violate his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the *Ex Post Facto* clause and laws impairing contracts under the United States and Illinois constitutions. On February 14, 2020, the Court dismissed with prejudice Kitterman's lawsuit. (Doc. 79). judgment reflecting the same was entered on February 20, 2020. (Doc. 80). On May 26, 2023, the Seventh Circuit Court of Appeals issued its Mandate affirming the Court's decision. (Doc. 133).

Now before the Court is Kitterman's motion for substitution of judge to consider Rule 60(b) motions, which the Court considers as a motion for recusal. (Doc. 140). Based on the following, the Court denies the motion.

Under Section 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *See Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

Under Section 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Bias justifying recusal must arise from an extrajudicial source. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). "[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky*, 510 U.S. at 555).

Under Section 144, a judge must recuse himself "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. An affidavit is not timely unless filed as soon as the movant is aware of the

facts establishing the basis for the judge's disqualification. *See United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). An affidavit must allege facts that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *O'Regan*, 246 F.3d at 989 (internal quotations omitted). As with § 455(b)(1), the bias must come from an extrajudicial source to justify recusal *Id.* at 988.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *See New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 980-981 (7th Cir. 1986); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). A recusal statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols*, 71 F.3d at 351 (internal quotations omitted). The Court is also mindful that the recusal statutes are not judge-shopping devices. *See United States v. Walsh*, 47 F.4th 491, 500 (7th Cir. 2022); *Hook*, 89 F.3d at 354.

Kitterman merely states: "3. Defendants assign blame to Judge Gilbert Sison for violating the terms of a state court fully negotiated plea agreement. *See* Doc. 136, p. 1-7. . . . 5. Plaintiff cannot receive fair consideration if Judge Gilbert Sison remains on the case." (Doc. 140, p. 3). Thus, the Court finds that Kitterman has asserted nothing outside of court rulings that would cause any reasonable person to doubt the Court's impartiality or to believe any actual bias exists. Nor has he pointed to any Court ruling that displays a deep-

seated favoritism or antagonism such that the Court cannot be fair. And finally, he has not submitted the affidavit required by § 144.

As such, the Court **DENIES** Kitterman's motion for substitution of judge to consider Rule 60(b) motions. (Doc. 140).

**IT IS SO ORDERED.**

**DATED: October 27, 2025.**

Digitally signed by Judge Sison
Date: 2025.10.27 14:01:42 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**